THIS ORDER IS APPROVED.

Dated: July 24, 2009

*James M. Marlar*
JAMES M. MARLAR
U.S. Bankruptcy Judge



MESCH, CLARK & ROTHSCHILD, P.C.
259 North Meyer Avenue
Tucson, Arizona 85701
Phone: (520) 624-8886
Fax: (520) 798-1037
Email: ecfbk@mcrazlaw.com
mmcgrath@mcrazlaw.com
fpetersen@mcrazlaw.com

AND

MICHAEL W. CARMEL, LTD.
80 E. Columbus
Phoenix, Arizona 85012-2334
Phone: (602) 264-4965
Fax: (602) 277-0144
Email: michael@mcarmellaw.com

Proposed Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>BASHAS' INC.,<br>BASHAS' LEASECO INC.,<br>SPORTSMAN'S, LLC,<br><br>Debtors.<br><br>This Filing Applies to:<br><br>☒ All Debtors<br>☐ Specified Debtors | Chapter 11 Proceedings<br><br>Case No. 2:09-bk-16050-JMM<br>2:09-bk-16051-JMM<br>2:09-bk-16052-JMM<br>(Joint Administration) |

**INTERIM ORDER AUTHORIZING DEBTORS TO OBTAIN POST-PETITION FINANCING ON A SECURED BASIS AND SCHEDULING A FINAL HEARING**

On July 13, 2009, Bashas' Inc., Bashas' Leasco and Sportsman's, LLC (collectively "Debtors" or "Borrowers") filed their *Emergency Motion for Order Authorizing Debtors to Obtain Post-Petition Financing on a Secured Basis and to*

*Schedule a Final Hearing* (the "Motion"). The terms and provisions of this Order have been agreed to by: (i) the Debtors; (ii) The Prudential Insurance Company of America, Northern Life Insurance Company, Hartford Life Insurance Company, Reliastar Life Insurance Company, Pruco Life Insurance Company, Prudential Retirement Insurance and Annuity Company, and United of Omaha Life Insurance Company (collectively "Note Holders"); and (iii) Wells Fargo Bank, N.A. ("Wells Fargo"), Bank of America, N.A. ("BofA"), and Compass Bank ("Compass") (collectively the "Bank Group"). Hereinafter, the Note Holders and the Bank Group may be collectively referred to as the "Prepetition Lenders." Upon consideration of the *Declaration of Michael Proulx* in support of Chapter 11 Petitions and First Day Motions; this Court having core jurisdiction over this matter; it appearing that adequate and proper notice of the Motion has been given, and that no other and further notice need be provided; all objections to entry of this Interim Order (this "Order") having been resolved or overruled; it further appearing that the interim relief requested in the Motion is in the best interest of the Debtors and their estates, and creditors; and upon all of the proceedings had before this Court and this Court's review and consideration of the pleadings and other documents filed in connection with the Motion, and the record and the proceedings on the Motion; and for other good cause appearing:

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.  This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §157 and 1334.

B. Determination of the Motion is a core proceeding under 28 U.S.C. §157(b).

C. The Debtors have moved this Court to authorize them to incur post petition debt in the total amount of $45 million.

D. The Debtors have established that granting their request to obtain up to $14 million in post-petition financing (the "Interim Borrowing Cap") on an emergency basis prior to a final hearing is both prudent and a reasonable exercise of their business judgment.

E. The terms of the loan agreement between the Debtors and Grace Financing Group, LLC (the "Lender") for Debtors in Possession financing (the "Agreement") are fair, reasonable and in the best interest of the estates and the creditors.

F. Any amounts loaned by the Lender pursuant to this Order and Agreement, up to and including the Interim Borrowing Cap, are and shall be deemed in "good faith" in accordance with 11 U.S.C. §364(e).

G. Lender waives any rights it has or may have in the Debtors' personal property excluding Fixtures (as defined below) irrespective of whether such property was acquired: (i) prior to, on, or after the Petition Date; or (ii) through Debtors' use of Lender's loan proceeds. Nothing in this Order shall provide Lender with a lien on Debtors' personal property, other than any property that: (a) is a fixture under Arizona law; and (b) is encumbered by Lenders' deed of trust recorded as of the Petition Date (collectively, the "Fixtures").

**IT IS HEREBY ORDERED:**

1. The Motion is granted to the extent set forth in this Order.

2. The Debtors shall be, and hereby are, authorized to borrow up to $45 million subject to Prepetition Lenders' right to object at the final hearing on this Motion with respect to any post-petition borrowings above $14 million. The Debtors may only incur, on an interim basis, post petition debt from Lender in the total amount of $14 million, pending a final hearing on this motion.

3. Subject to the Interim Borrowing Cap, the Agreements are approved in all respects subject only to Paragraphs 8 and 9 below, and this Order shall be final and binding with respect to the amounts advanced under this Order and the Agreement, up to and including the Interim Borrowing Cap;

4. Each of the Debtors is authorized to become bound by the Agreement, subject to Paragraphs 8 and 9 below, and to execute any further definitive documentation consistent with it.

5. All amounts loaned by the Lender in accordance with this Order and the Agreement, up to and including the Interim Borrowing Cap, shall be secured by a fully perfected first priority lien in the Debtors' real property described in Lender's deed of trust recorded as the Petition Date and Fixtures (as defined in Paragraph G below), pursuant to 11 U.S.C. § 364(c)(2).

6. This Order constitutes automatic perfection of the Lender's liens and security interests in the collateral without the need for recordation of documents or other

action.

7. The automatic stay of 11 U.S.C. § 362 is modified to the extent necessary to permit or effectuate the terms of this Order and the Agreement, including without limitation, recordation of documents in the Lender's discretion to evidence the creation and perfection of the Lender's interest in the collateral.

8. Pending final hearing, notwithstanding any language in this Order or the Agreement to the contrary, the Debtors and their respective bankruptcy estates are not bound by Paragraphs 6.11 or 6.12 of the Loan Agreement, or any other term or provision of the Agreement related to the option to purchase real estate owned by Debtors (subject to Lender's right to require Debtors be so bound as a condition to Lender's making any advances in excess of the Interim Borrowing Cap); and all parties reserve their respective rights on this issue at the final hearing on the Motion.

9. The Debtors shall not permit the granting or imposition of any liens on the collateral other than liens that are acceptable to the Lender, without full repayment of the Lender; provided, however, that this Paragraph 9 shall remain in force and effect only through the final hearing and Prepetition Lenders have the reserved right to object to this provision at the final hearing.

10. A final hearing on the Motion shall take place in this Court on the 29th day of July, 2009 at the hour of 1:30 o'clock p.m. Notice of the final hearing shall be mailed by the Debtors no later than July 20, 2009. Objections, if any, to the entry of a final order approving the Motion must be in writing and filed with the Court on or before twenty (20)

days from the date of service of this Order, with a copy thereof to be served on or before the same date on the following:

(i)    Michael W. McGrath
Mesch, Clark & Rothschild, P.C.
259 N. Meyer Avenue
Tucson, AZ 85701
Counsel for the Debtors

William P. Connealy
Tobin & Connealy, P.C.
4250 N. Drinkwater Blvd., Suite 170
Phoenix, AZ 85251-3981
Counsel for the Lender

(ii)   U.S. Trustee's Office
230 N. First Avenue, #204
Phoenix, AZ 85003-1706

**DATED AND SIGNED ABOVE**

AGREED AS TO FORM AND CONTENT BY:

s/Frederick J. Petersen, #19944
MESCH, CLARK & ROTHSCHILD, P.C.
Proposed Attorneys for the Debtors


s/Robert J. Miller
BRYAN CAVE LLP
Attorneys for the Collateral Agent and
  the Bank Group



_____
BINGHAM MCCUTCHEN
Attorneys for the Note Holders

s/William Connealy
TOBIN & CONNEALY, P.L.C.
Counsel for Grace Financing Group, LLC