MESCH, CLARK & ROTHSCHILD, P.C.
259 North Meyer Avenue
Tucson, Arizona 85701
Phone: (520) 624-8886
Fax:    (520) 798-1037
Email: ecfbk@mcrazlaw.com
       mmcgrath@mcrazlaw.com
       fpetersen@mcrazlaw.com

AND

MICHAEL W. CARMEL, LTD.
80 E. Columbus Avenue
Phoenix, Arizona 85012-2334
Phone: (602) 264-4965
Fax:    (602) 277-0144
Email:  Michael@mcarmellaw.com

Attorneys for Debtors

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

In re

BASHAS' INC.,
BASHAS' LEASECO, INC.,
SPORTSMAN'S, LLC,

Debtors.

This Filing Applies to:

☒ All Debtors
☐ Specified Debtors

Chapter 11 Proceedings

No. 2:09-bk-16050-JMM
    2:09-bk-16051-JMM
    2:09-bk-16052-JMM

**REPLY TO RESPONSE OF U.S. FOODSERVICE, INC. AND FOSTER POULTRY FARMS, dba FOSTER FARMS TO DEBTORS' FIRST REPORT OF ALLOWED AND/OR DISPUTED SECTION 503(b)(9) CLAIMS**

Bashas' Inc., Bashas' Leaseco, Inc. and Sportsman's, LLC ("Debtors"), through counsel undersigned, file this reply to the *Response* filed by U.S. Foodservice, Inc. ("U.S.

Foodservice") and Foster Poultry Farms, dba Foster Farms ("Foster Farms"), to Debtors' First Report of Allowed and/or Disputed Section 503(b)(9) Claims.

## I. BACKGROUND:

1. Debtors filed their voluntary petitions under Chapter 11 on July 12, 2009.

2. On August 13, 2009, both U.S. Foodservice (POC # 550) and Foster Farms (POC # 551) filed proofs of claim indicating the existence of claims pursuant to 11 U.S.C. §507(a)(2) (collectively the "Proofs of Claim"). The Proofs of Claim do not assert priority under 11 U.S.C. §503(b)(9).

3. On August 11, 2009, U.S. Foodservice filed a *Motion for Allowance and Immediate Payment of Its 503(b)(9) Administrative Expense Priority Claim* (Docket No. 327) (the "U.S. Foodservice Motion").

4. On August 13, 2009, Foster Farms filed its *Motion for Allowance and Immediate Payment of Its 503(b)(9) Administrative Expense Priority Claim* (Docket No. 358) (the "Foster Farms Motion", and collectively with the U.S. Foodservice Motion, the "Allowance Motions").

5. The Debtors filed objections to the U.S. Foodservice Motion on August 13, 2009, and the Foster Farms Motion on August 14, 2009. (See Docket Nos. 357 and 367). The objections state that the Debtors were working with the Bank Group and creditors committee to finalize proposed uniform procedures for all vendors to assert 503(b)(9) claims, which procedures would greatly simplify the administration of all 503(b)(9) claims.

6. On August 28, 2009, the Court entered its Order fixing the procedures for the filing of claims by any and all creditors asserting an administrative expense claim pursuant to 11 U.S.C. §503(b)(9) and approved the form of notice to be provided to all creditors describing the procedures set forth in the Court's August 28th Order ("Order"). (See Docket No. 458). October 12, 2009 was established as the claims bar date for asserting a 503(b)(9) Claim Request.

7. The Order provides that "all Section 503(b)(9) Claimants seeking payment of Claims from the Debtors must submit a Section 503(b)(9) Claim Request, in substantially the form attached as Exhibit B, on or before the Claims Bar Date in accordance with the procedures set forth in this Order and in the Claims Bar Date Notice." (*Order*, ¶6(a)). The Order further provides that "[e]ach Section 503(b)(9) Claim Request must set forth with specificity (i) the amount of the Section 503(b)(9) Claim…" (*Order*, ¶6(b))

8. Furthermore, the Notice, which was approved by the Order and incorporated therein, provides that "… those having previously filed applications or notices for payment of §503(b)(9) Claims <u>must submit a claim, as set forth in the process below</u>, in order to preserve their rights to payment of such claim." (Emphasis in original). The Notice further provides:

> All persons and entities that assert administrative priority expense claims, as defined in 503(b)(9) for the value of goods sold in the ordinary course of business and received by the Debtors within 20 days before July 12, 2009, must file a request for payment of such claim (a '503(b)(9) Claim Request') by [the bar date]. …
>
> The 503(b)(9) Claim Request is included in the approved Claim Form, and **must** be separately filled out, indicating the existence of a 503(b)(9) claim. Such process will

3

be instead of any requirement that a creditor file a motion or application with the Court. Such process **must** be followed, even if the creditor has previously filed a motion or application for allowance of such claim.

(Emphasis in original).

9. After the 503(b)(9) Procedures Order was entered and notice provided, both U.S. Foodservice and Foster Farms filed Notices of Withdrawal of their respective Allowance Motions. (See Docket Nos. 535 and 538). Each notice of withdrawal included a recognition of the claims procedures and an intent to follow such procedures:

> Since the filing of the Motion, the Court has entered an Order pursuant to which certain procedures were established for filing administrative expense claims that [U.S. Foodservice / Foster Farms] will follow.

10. After withdrawing their respective Allowance Motions, neither U.S. Foodservice nor Foster Farms followed the 503(b)(9) claims procedures. They did not amend their previously filed Proofs of Claim nor did they file new proofs of claim to assert a §503(b)(9) Claim Request. The bar date for submitting claims pursuant to §503(b)(9) expired on October 12, 2009. Neither U.S. Foodservice nor Foster Farms timely filed claims under §503(b)(9) and as a result their claims should not be allowed as §503(b)(9) claims.

11. Because U.S. Foodservice and Foster Farms did not file 503(b)(9) Claim Requests, they were not included in the Debtors' First Report of Allowed and/or Disputed Section 503(b)(9) Claims ("First Report") (Docket No. 1024).

12. U.S. Foodservice and Foster Farms filed their response to the Debtors' First Report alleging that their Proofs of Claim substantially complied with the 503(b)(9) Claims

4

procedures, or that the Allowance Motions put the Debtors on notice of their 503(b)(9) claims.

13. However, the Proofs of Claim did not comply with the 503(b)(9) Claims Procedures. The U.S. Foodservice Proof of Claim and the Foster Farms Proof of Claim did not reference Section 503(b)(9) or assert that the claimants were seeking a Section 503(b)(9) claim as opposed to a claim with a different priority.

14. In addition, U.S. Foodservice and Foster Farms knew that they could not rely on the Allowance Motions as providing sufficient notice to the Debtors. Both U.S. Foodservice and Foster Farms withdrew their respective Allowance Motions, and in doing so not only recognized that the Court had established 503(b)(9) claims procedures, but indicated that they each intended to comply with such procedures. The 503(b)(9) Claims Procedures specifically provide that no party could rely on a previously filed motion or application for allowance of a 503(b)(9) claim, and instead each claimant was required to submit a 503(b)(9) Claim Request prior to the claims bar date.

15. Neither U.S. Foodservice nor Foster Farms filed a proof of claim specifically asserting a 503(b)(9) claim prior to the claims bar date. As a result, the Debtors believe that any 503(b)(9) claim of U.S. Foodservice or Foster Farms is untimely and should be disallowed.

//

//

//

WHEREFORE, the Debtors request this Court enter its order denying the request of U.S. Foodservice, Inc. and Foster Poultry Farms dba Foster Farms to allow their claims as §503(b)(9) claims, and for such further relief as is just and proper under the circumstances.

DATED: February 12, 2010.

        MESCH, CLARK & ROTHSCHILD, P.C.

        AND

        MICHAEL W. CARMEL, LTD.

        By s/David J. Hindman, #24704
            Michael McGrath
            Frederick J. Petersen
            David J. Hindman
            Attorneys for Debtors

| | |
|---|---|
| 1 | Copy e-mailed February 12, 2010, to: |
| 2 | Joel F. Newell |
| 3 | Carmichael & Powell, P.C. |
|   | 7301 N. 16th St., Ste 103 |
| 4 | Phoenix, AZ 85020-5297 |
| 5 | j.newell@cplawfirm.com |
|   | and |
| 6 | Scott E. Blakeley |
| 7 | Cameron W. Carr |
|   | Blakeley & Blakeley LLP |
| 8 | 4685 MacArthur Ct., Ste 421 |
|   | Newport Beach, CA 92660 |
| 9 | seb@blakeleyllp.com |
| 10 | ccarr@blakeleyllp.com |
|   | *Attorneys for U.S. Foodservice, Inc. and* |
| 11 | *Foster Poultry Farms dba Foster Farms* |
| 12 | Edward Bernatavicius |
| 13 | Larry Watson |
|   | Office of the U.S. Trustee |
| 14 | 230 N. First Ave., Suite 204 |
|   | Phoenix, AZ 85003-1706 |
| 15 | edward.k.bernatavicius@usdoj.gov |
| 16 | larry.watson@usdoj.gov |
| 17 | |
| 18 | |
|   | s/Tammy L. Dahl |
| 19 | 314154 |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |