MESCH, CLARK & ROTHSCHILD, P.C.
259 North Meyer Avenue
Tucson, Arizona 85701
Phone: (520) 624-8886
Fax: (520) 798-1037
Email: ecfbk@mcrazlaw.com
        mmcgrath@mcrazlaw.com
        fpetersen@mcrazlaw.com

AND

MICHAEL W. CARMEL, LTD.
80 E. Columbus Avenue
Phoenix, Arizona 85012-2334
Phone: (602) 264-4965
Fax: (602) 277-0144
Email: michael@mcarmellaw.com
Attorneys for Debtors

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF ARIZONA

| | |
|---|---|
| In re | Chapter 11 Proceedings |
| BASHAS' INC., ☐<br>BASHAS' LEASECO INC., ☐<br>SPORTSMAN'S, LLC, ☐ | Case No. 2:09-bk-16050-JMM<br>2:09-bk-16051-JMM<br>2:09-bk-16052-JMM<br>(Joint Administration) |
| Debtors. | |
| This Filing Applies to:<br><br>☒ All Debtors<br>☐ Specified Debtors | **DEBTORS'<br>SECOND NON-ADVERSE<br>MODIFICATION AND<br>CLARIFICATION TO FIRST<br>AMENDED PLAN** |

Bashas' Inc., Bashas' Leaseco Inc., and Sportsman's, LLC (the "Debtors"), through counsel, hereby submit this Second Non-Adverse Modification and Clarification to First Amended Plan. The Debtors made the following clarifications on the record during the course of the hearing on confirmation of the First Amended Plan, as Modified.

**(1) Class 2—Grace Financial**

The treatment of Grace Financial, as set forth in the First Amended Plan, as Modified, was clarified according to the following terms and conditions.

(a) Grace Financial will be paid all accrued and unpaid interest (at the contract rate), along with outstanding attorney's fees, on the Effective Date.

(b) The outstanding balance owed to Grace Financial will be repaid post-Effective Date, with interest at 8% per annum. The interest to be paid to Grace Financial post confirmation will be paid in arrears on a quarterly basis.

(c) The outstanding balance owed to Grace Financial will be repaid in full, including all outstanding principal and interest, within one year from the Effective Date.

(d) On the Effective Date, Grace Financial will have no further obligation to advance undrawn funds pursuant to the outstanding loan agreement with the Debtors.

(e) Grace Financial will release any and all liens it holds against the "Non-Core Real Estate" identified in the exhibit to the Non-Adverse Modification.

(f) Grace Financial shall not have any option rights originally contemplated in its loan agreement with the Debtors. Instead, Grace Financial will be a secured creditor, with the rights and remedies available to it as set forth in its Deed of Trust.

**(2)  Class 3 (Bank Group) and Class 4 (Note Holders)**

In addition to the payment terms set forth in the First Amended Plan, as Modified, the following covenants will be provided to Class 3 and Class 4 creditors. A failure of the Debtors to meet any such covenants at the specified compliance period will entitle Class 3 and/or Class 4 creditors to declare a default and enforce their rights with regard to their collateral, according to applicable law. These covenants will only be for the benefit of Class 3 and Class 4 creditors. No other class of creditors may declare a default of the Plan based on such terms. These covenants may be amended, in writing, by agreement of the Debtors, Class 3 and Class 4 creditors.

(a) The Debtors will provide Class 3 and Class 4 creditors financial reports, on a quarterly basis, and at each year end, to be certified as accurate by the Chief Financial Officer or the Chief Executive Officer of Bashas'.

(b) The Debtors agree to a covenant that they will not exceed the capital expenditure amounts set forth in the July 10, 2010 projections prepared by Chris Linscott in support of the modified plan. The capital expenditure amounts will be tested annually, based on the respective budget periods.

(c) The Debtors covenant to maintain inventory with a value (before LIFO adjustment, based on cost) of at least $100 million. The Debtor will provide a quarterly certificate, certified as accurate by the Chief Financial Officer or the Chief Executive Officer of Bashas'. Class 3 and Class 4 Creditors shall have the right to further verify inventory values, in any commercially reasonable manner they elect to undertake, however such additional verification shall be at their own cost and expense.

(d) The Debtors covenant to maintain a minimum EBITDA of $50 million. Such covenant will be tested at fiscal year-end 2010, 2011 and 2012,  and will be reported in the Debtors' year-end financial reports.

3

### (3) Class 6 (Bashas' Priority Tax Claims) and Class 7 (Leaseco's Priority Tax Claims)

Payments to Class 6 and 7 creditors will begin 60 days after the Effective Date. Payments will otherwise be made according to the terms of the First Amended Plan, as Modified.

### (4) Class 12 (Bashas' Non-Vendor Unsecured Claims)

Allowed Class 12 Claims will be paid according to the stream of payments, with interest, as set forth in the First Amended Plan, as Modified, to begin on the later of the Effective Date or the date such claim is allowed. Any remaining balance on such claims will be paid in full on the later of the third anniversary of the Effective Date or the date such claim is allowed.

### (5) Darl Andersen Compensation

Notwithstanding any terms to the contrary set forth in Trial Exhibit 21, Darl Andersen agrees to subordinate payment of any bonus related to Bashas' emergence from bankruptcy to the payment, in full, of all pre-petition creditors. Mr. Andersen further agrees to defer any payment of such bonus, if and when authorized by the Board of Directors, until after all creditors have been paid in full.

### (6) Edward N. Basha, Jr. Compensation

On the Effective Date, Edward N. Basha, Jr. will voluntarily reduce his salary to $1 per year. In addition to a salary of $1 per year, Mr. Basha will continue to be the insured/beneficiary in the amount of $500,000 under a group term life insurance policy provided to all Bashas' employees. Mr. Basha, his spouse and his dependent son, Jeremy, are participants in the Bashas' medical plan available to Bashas' employees. Mr. Basha pays a $50 per week contribution for the family coverage. Mr. Bashas will receive an allowance for groceries, public relations and charitable giving in an amount not to exceed $52,000 per year; this benefit is provided to senior management at Bashas.

4

Mr. Basha's salary and benefits may only be increased above the levels identified if Darl Andersen and the two outside directors appointed pursuant to the Confirmed Plan agree that an increased salary or benefits are justified in their business judgment, and only if any such increase is reasonably related to the fair value of services provided by Mr. Basha to the reorganized Debtor.

The Debtor agrees that the above list of benefits may be reviewed by the Court when rendering its decision regarding confirmation. The Court may eliminate or adjust the amount of these benefits. To the extent any party objects to such benefits, or the amount of such benefits, an objection must be filed prior to the August 9 hearing on Confirmation.

**(7) Objection to Claims**

As set forth in the Disclosure Statement, parties in interest shall have 180 days after the Effective Date to object to claims. Any claims not objected to within such period will be deemed allowed.

**(8) Exhibit A to First Amended Plan (Definitions)**

- Definition #21 <u>Effective Date</u> is modified to be the fifteenth (15) day after the Order entered by the Court confirming the Plan (the "Confirmation Date"), unless stayed by Court Order.

- Definition # 50 is hereby deleted.

DATED: August __4__, 2010.          MESCH, CLARK & ROTHSCHILD, P.C.

                                                     -   AND -

                                                  MICHAEL CARMEL, LT.D

                                                  By___s/Michael McGrath, #6019_____
                                                      Michael McGrath
                                                      Frederick J. Petersen
                                                      Attorneys for Debtors

Copy e-mailed August __4__, 2010 to:

Gary Kaplan
Farella Braun + Martel LLP
235 Montgomery St.
San Francisco, CA 94104
GKaplan@fbm.com
*Attorneys for Parra Plaintiffs*

Robert J Miller
Bryce A. Suzuki
Bryan Cave LLP
Two N Central Ave Ste 2200
Phoenix AZ 85004-4406
rjmiller@bryancave.com
bryce.suzuki@bryancave.com
*Attorneys for Wells Fargo Bank, NA and as Collateral Agent, Bank of America, NA and Compass Bank*

Steven Wilamowsky
Michael J Reilly
Bingham McCutchen LLP
399 Park Ave
New York NY 10022-4689
steven.wilamowsky@bingham.com
michael.reilly@bingham.com
*Attorneys for the "Note Holders"*

  - and -

Gerald K Smith
Thomas Gilson
Stefan M. Palys
Lewis and Roca LLP
40 N Central Ave Ste 1900
Phoenix AZ 85004
GSmith@LRLaw.com
tgilson@LRLaw.com
spalys@LRLaw.com
*Attorneys for "Note Holders"*

James E Cross
Brenda K Martin
Jason J Romero
Osborn Maledon PA
2929 N Central, 21st Fl.
Phoenix, AZ 85012-2974
jcross@omlaw.com
bmartin@omlaw.com
jromero@omlaw.com
*Attorneys for Creditors Committee*

Daniel P Collins
Collins May Potenza Baran & Gillespie
2210 Chase Tower
201 N Central Ave
Phoenix AZ 85004-0022
dcollins@cmpbglaw.com
*Attorneys for Wells Dairy, Inc., Grace Financing Group, LLC and Donahue Schriber Realty Group, LP*

Denise A. Faulk
Office of the Attorney General
400 W. Congress, Suite S-315
Tucson, AZ 85701-1367
Denise.Faulk@azbar.org
*Attorney for ADOR*

Larry Watson
Edward K Bernatavicius
Office of the United States Trustee
230 N First Ave Ste 204
Phoenix AZ 85003
larry.watson@usdoj.gov
edward.k.bernatavicius@usdoj.gov

 s/Deborah Elkins

323916